**AFFIRM; and Opinion Filed May 21, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-12-00126-CR

---

### BRANDON RICHARD KOONTZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-8119-2011**

---

## MEMORANDUM OPINION
Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Murphy

Brandon Richard Koontz was convicted under chapter 62 of the Texas Code of Criminal Procedure for the offense of failing to comply with the sex offender registration requirements, and the trial court sentenced him to four years in prison. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(3) (West 2006). In a single issue, appellant contends the evidence is legally insufficient to support his conviction. We affirm.

Appellant was registered as a sex offender in Dallas County and was reporting to a Dallas County probation officer in October 2010. He does not challenge the evidence that, at that time,

he began living with Amber Curtis at her apartment in Plano, Collin County, Texas. Curtis testified appellant lived with her continuously from October 2010 until January 27, 2011.

Appellant challenges only the sufficiency of the evidence to show he "intentionally, knowingly, and recklessly fail(ed) to report in person" to law enforcement authority and to provide proof of his residence no later than seven days after he changed his address. Specifically, he contends the State failed to offer competent evidence in the form of a certified public record or testimony that "a diligent search was made but no record was found, that [appellant] failed to register as a sex offender."

We review appellant's legal sufficiency challenge by considering all of the evidence in the light most favorable to the verdict; based on that evidence and reasonable inferences, we must determine whether a rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). Under this standard, the fact finder has full responsibility for resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319. We presume the fact finder resolved any conflicts in the evidence in favor of the verdict and defer to that determination. *Id.* at 326. Based on this standard, we do not reassess witness credibility. *Id.* at 319.

A person commits the offense of failure to comply with the sex offender registration requirements if he "is required to register and fails to comply" with any of the registration requirements set out in chapter 62 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 62.102(a); *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011). One requirement is that a person with a "reportable conviction" must register with "the local law

enforcement authority in any municipality where the person resides or intends to reside for more than seven days." TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (West Supp. 2012). If a person does not reside in a municipality, then he shall register or verify registration in any county where he resides or intends to reside for more than seven days. *Id.* Another requirement is that if a person who is required to register changes his address, he must report in person to the local law enforcement authority in his new municipality or county within seven days of the change and provide proof of identity and residence. *Id.* art. 62.055(a).

Appellant was charged by indictment with failing to comply with the registration requirement to report in person to the local law enforcement authority and provide his change of address under article 62.055(a). His sufficiency challenge relates to the State's proof that he failed to register with the City of Plano Police Department. We therefore review the evidence relevant to appellant's registration.

Curtis was the first witness. She testified she and appellant met in Alcoholics Anonymous and he moved in with her in October of 2010. He needed a place to live and agreed to pay the electric bill. The apartment was located in the City of Plano.

Appellant told Curtis before he moved in with her that he was a sex offender, and she knew from common knowledge that he had to register as a sex offender. Regarding his registration, appellant told Curtis to try to get one of her friends who lived in Dallas County to say he was living with the friend in Dallas. Curtis testified appellant said "he needed to live in Dallas County for his probation." To her knowledge, appellant never registered in Plano.

Henry Ward next testified he had been a probation officer with Dallas County Community Supervision and Corrections Department for approximately nineteen years. Appellant was one of the registered sex offenders he supervised. He initially met appellant in

-3-

February 2010. Ward advised appellant regarding the registration process, including the requirements related to changing his address. He explained that as part of the ongoing conditions of probation, appellant had to meet with Ward two times a month. Additionally, field officers visit probationers once a month to make sure they are living where they say they are.

When appellant first reported to Ward, he had a verifiable address in Dallas, Texas. In approximately October 2010, appellant reported that he was homeless. At the time, homeless probationers were required to check in either weekly or two times a week. Appellant told Ward he was checking in with the Dallas Police Department as required and never notified Ward he was living in Plano. Ward testified that a transfer was required for appellant to live outside Dallas County. Had he known appellant intended to move, he would have notified law enforcement in Collin County and asked for permission to send him there.

Detective Beth Chaney testified she was contacted by the police department at Collin College, where Curtis attended school, regarding a statement from Curtis that appellant was residing in the City of Plano. Chaney understood appellant was a registered sex offender and checked both the "DPS" website and with the Dallas Police Department. *See id.* art. 62.005(a) (Texas Department of Public Safety maintains "computerized central database" containing information required for registration under chapter 62). She confirmed appellant was a registered sex offender. She also checked the Plano sex-offender registry, and it did not contain appellant's name. She identified herself in court "as a person that registers sex offenders" and testified she typically knew most of the registered sex offenders' names, kept up with them, and did not recognize appellant's name.

Appellant asserts there is no evidence of Chaney's role or what database she used, arguing the State was required to show it conducted a diligent search of records maintained

pursuant to chapter 62. His objections at trial were to hearsay, that a custodian of records was required to verify the lack of appellant's name in the Plano registry, and that he had the "right to confront the database." The trial court overruled those objections, and appellant does not contend as an issue on appeal that the trial court abused its discretion in those rulings.

We conclude the evidence is legally sufficient. Appellant did not question Chaney's status as a detective or that she personally registered sex offenders. Chaney testified that as part of her duties she could determine who is registered as a sex offender in the City of Plano and the City of Plano sex offender registry did not contain appellant's name. She also testified she knew most of the sex offenders because she registered and kept up with them, and she did not recognize appellant's name. She determined appellant was registered with the Dallas Police Department (who sent her a copy of his registration), and the registration did not show appellant was living in Plano. While Chaney did not state expressly her official title, her testimony showed her personal knowledge. Appellant's counsel cross-examined Chaney extensively regarding whether appellant was living in Plano. Yet he did not question her regarding appellant's registration in Dallas or in Plano.

In addition to Chaney's testimony that her search showed appellant was registered in Dallas and not in Plano, Curtis testified appellant tried to get her to help fabricate a story that he was still living in Dallas. Ward also testified appellant's status change in October 2010 was to "homeless" and appellant affirmatively represented he was continuing to check in with the Dallas Police Department in compliance with requirements for homeless offenders.

Viewing this evidence in the light most favorable to the trial court's finding and resolving reasonable inferences in favor of the verdict, a rational fact finder could have found from the

- 5 -

evidence that appellant failed to register with the City of Plano. *See Jackson*, 443 U.S. at 319.

We overrule appellant's sole issue and affirm the trial court's judgment.



/s/ Mary Murphy
MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120126F.U05